**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**PIC PAC SUPERMARKETS, INC., Defendant.**

**Civ. A. No. 5:88–0423.**

United States District Court, S.D. West Virginia, at Beckley.

July 28, 1988.

Issie L. Jenkins, James Garrett, E.E. O.C., Philadelphia, Pa., Gary E. Pullin,

Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

Ricklin Brown, Sandra M. Murphy, Bowles, McDavid, Graff & Love, Charleston, W.Va., for defendant.

HALLANAN, District Judge.

## MEMORANDUM ORDER

This matter is before the Court via Defendant Pic Pac's Motion to Dismiss. After careful consideration the Court is prepared to rule on said motion.

As basis for its motion the Defendant cites the case of *Raines v. Burgess Pic Pac, et al.*, Civil Action No. 5:87-1249, a case presently before this Court and arising out of the same circumstances as the present action, and states that to allow the present action as well would be duplicitous. The Defendant cites *EEOC v. Continental Oil Co.*, 548 F.2d 884 (10th Cir.1977), as grounds for its claim that when a private Title VII suit has been instituted the EEOC ("Commission") cannot subsequently institute another suit arising out of the same events giving rise to the private action. The Court finds the Defendant's reliance on *EEOC v. Continental Oil Co.* well-placed.

Pursuant to Section 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Equal Employment Opportunity Act of 1972, the Commission may prevent unlawful employment practices. § 2000e–5(a). Once a charge is filed with the Commission, the Commission investigates the alleged unlawful employment practice. If after investigation the Commission has reasonable cause to believe the practice is unlawful, it addresses the problem through conciliation. § 2000e–5(b). A charge should be filed with the Commission within 180 days of the alleged unlawful employment practice or within 300 days if a prior claim has been filed with a State or local agency. § 2000e–5(e). If within thirty days of the filing of the charge the Commission has not been successful in conciliation, the Commission may then bring a civil action. The aggrieved person can intervene in the civil action. § 2000e–5(f)(1). If within 180 days from the filing of the charge the Commission has not instituted a civil action, the claiming party after notice from the Commission may bring a civil action within ninety days. In this situation the Commission may intervene in the private civil action "upon certification that the case is of general public importance." § 2000e–5(f)(1). Thus, under § 2000e–5 the Commission may file suit once a claim has been filed with it. Under a subsequent provision, § 2000e–6, the Attorney General may file a civil action in response to a "pattern or practice" of unlawful employment practices without a claim having been previously filed with the Commission.

Under the statute, the maintenance of a civil action by the Commission in the instant case is problematic. Although it is not clear, it does not appear that a charge was filed with the Commission until after the institution of the private suit, and well after the 180 day statutory period for filing a charge. It does not appear that the Commission has attempted conciliation before institution of its suit. The Commission has not shown a "pattern or practice" of unlawful employment practices so that it may insitute a civil action under § 2000e–6 independent of the filing of a claim. Nor has the Commission provided a "certification that the case is of general public importance" under § 2000e–5. Moreover, the statute provides for intervention by either the Commission or a claiming party, according to whichever party first initiated the civil action. The EEOC cannot under this statute maintain an action when a private civil action has already been instituted.

Although the Fourth Circuit has never addressed the issue of intervention, several other circuit courts have interpreted the statute's intervention provisions. The Tenth Circuit in *EEOC v. Continental Oil Co.*, 548 F.2d 884 (10th Cir.1977), *supra*, dismissed the EEOC's action instituted after the issuance of a right to sue letter and the initiation of a private action pursuant to the right to sue letter. The court expressed particular concern with duplicitous

proceedings and thought that allowing a second suit by the EEOC would render the statute's intervention language inconsequential:

> We believe that the statutory provision for intervention must be read as the exclusive procedure by which the EEOC may participate in a previously filed private lawsuit under § 706(f)(1) in order to give it significance. Allowing a second suit to proceed on the charge would emasculate the provision.

*EEOC v. Continental Oil Co.*, 548 F.2d at 889.

The Eighth Circuit in *EEOC v. Missouri Pacific R.R.*, 493 F.2d 71 (8th Cir.1974), held that the EEOC could intervene in an ongoing private civil action but could not file its own independent suit:

> The scheme of the statute itself, ... negates the Commission's double-barreled approach. Once either the Commission or the charging party has filed suit, § 2000e–5(f)(1) speaks only in terms of intervention ... The statute cannot be read to warrant duplicitous lawsuits when both actions find their genesis in one unlawful practice charge.

*EEOC v. Missouri Pacific R.R.*, 493 F.2d at 74.

The Fifth Circuit in *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir. 1975), permitted the EEOC to bring its own independent action, but only after the voluntary dismissal of the private action. The Court stated that Congress intended to avoid duplicative proceedings "by limiting the EEOC to permissive intervention when the EEOC raises no substantially different issues and seeks no relief other than for the private party." *Id.* at 455. In dicta, however, the court cited *EEOC v. Kimberly–Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975), which held that the EEOC should not be restricted to intervention when its investigation had revealed violations beyond those encompassed in the private action and which violations needed judicial attention. The court in the case *sub judice*, however, as the Tenth Circuit in *EEOC v. Continental Oil Co.*, *supra*, cannot find any statutory basis for permitting such a suit. Rather, the proper approach should be, upon intervention, to allow the amendment of the private suit to include the newly discovered violations.

The Third Circuit in *EEOC v. North Hills Passavant Hospital*, 544 F.2d 664 (3rd Cir.1976), allowed the EEOC to file suit despite a previously filed private action. The court reasoned that as the statute did not expressly deny the institution of a suit by the EEOC after a private suit had already commenced, the EEOC could bring a second suit:

> Nowhere in § 706(f)(1) is there any explicit qualification of the EEOC's general authority to sue as granted in the first sentence of the section. If there is such a qualification it must be implied from the limited right of permissive intervention afforded to the EEOC with respect to private suits. A contrary interpretation, however, may be implied by interpreting the district court's discretion to reject intervention by the EEOC as evidencing a Congressional viewpoint that no harm would come from a negative exercise of such discretion because the EEOC could always initiate its own suit. A reasonable interpretation of the plain language is that the EEOC can choose not to sue, can initiate its own suit, or can seek to intervene in a private suit. There is no language on the face of this section which dictates that any of these options are to be foreclosed by the institution of a private suit.

*EEOC v. North Hills Passavant Hospital*, 544 F.2d at 668. The court recognized that a series of cases had limited the EEOC to intervention and had resorted to the statute's legislative history in justification of their holdings. The court then addressed the statute's legislative history at considerable length for discernment of the Congressional attitude toward duplicity. The court concluded its survey with the following:

> Our analysis of the legislative history leads us to the conclusion that there is no legislative history which can be relied upon to give the language of § 706(f)(1)

any meaning other than that conveyed by the plain words.

*Id.* at 672.

This Court believes that the court's holding in *EEOC v. North Hills Passavant Hospital,* flies in the face of the plain language of the statute. Several circumstances surrounding that case, however, may explain the court's holding. First, a pattern of discrimination had been discovered which the court perhaps felt needed vindication, but the count encompassing this pattern of discrimination of the private complaint had been dismissed as time-barred. Second, the EEOC had been considering intervention but decided to undertake its own action for fear of the consequences of intervening in an action that might be dismissed. Third, the EEOC had been invited to participate in settlement negotiations between the claiming party and the defendant, but was informed by counsel for both sides that it could not participate until it had filed a civil action.

For the above reasons and for reasons of judicial economy and a concern with wasting strained judicial resources, it is hereby ORDERED that the Defendant's motion to dismiss be GRANTED and this case be DISMISSED without prejudice and removed from the docket of this Court. The EEOC may seek to intervene in the action currently pending before this Court, *Raines v. Burgess Pic–Pac, et al.,* Civil Action No. 5:87–1249, and may move that the Complaint in Civil Action No. 5:87–1249 be amended to include any additional relief it deems proper.

The Clerk is directed to mail a certified copy of this Order to all counsel of record and to remove this action from the docket of this Court.